UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                  Case No. 1:22-cr-70-1

v.

                                  HON. JANE M. BECKERING

SEMSI SALJA,

     Defendant.

_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

Defendant is charged in Count One of a single count Felony Information with conspiracy to commit bank fraud (ECF No. 1). On June 23, 2022, following a hearing conducted the previous day, the United States Magistrate Judge issued a Report and Recommendation (R&R), accepting Defendant's plea of guilty, subject to final acceptance of the plea by the District Judge; reserving acceptance of the plea agreement (ECF No. 5) for the District Judge; and recommending that the District Judge "reject paragraph 13 of the Plea Agreement which contains the so-called 'Hyde Waiver,' as against public policy and void as a matter of law" (R&R, ECF No. 19 at PageID.45). The Report and Recommendation was duly served on the parties. The government filed an Objection to the Report and Recommendation (ECF No. 23). No response to the objection was filed.

The government objects to the Magistrate Judge's recommendation to reject Paragraph 13 of the Plea Agreement. Paragraph 13 provides the following:

> Hyde Waiver. Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

(ECF No. 5 at PageID.15).  The Hyde Amendment was enacted on November 26, 1997 as part of

Public Law 105-119 and is found as a statutory note to 18 U.S.C. § 3006A.  The Hyde Amendment

permits a prevailing federal criminal defendant to recover a reasonable attorney's fee and litigation

expenses if the position of the United States was "vexatious, frivolous, or in bad faith, unless, the

court finds that special circumstances make such an award unjust."  Pub. L. No. 105-119, § 617,

111 Stat. 2519 (1997) (reprinted in 18 U.S.C. § 3006a, Statutory Notes).  The government indicates

that to prevent the filing of frivolous litigation, the government often seeks a waiver of Hyde

Amendment claims when, as here, a defendant is represented by retained counsel (ECF No. 23 at

PageID.51).

> In support of the objection, the government argues that Paragraph 13 is a reasonable

provision gained in exchange for substantial consideration, to wit, the government's agreement

> (1) to stipulate that any money paid as part of a civil proceeding related to the same alleged
> conduct would be credited to Defendant as payment toward criminal restitution; (2) not to
> oppose Defendant's request for acceptance of responsibility and to move for the third-level
> if applicable; and (3) not to oppose a request from Defendant for a sentence at the low end
> of the Sentencing Guideline range.

(ECF No. 23 at PageID.52).  The government also points out that a court has the power only to

accept or reject a plea agreement, not to participate in the plea bargaining process (*id.*, citing FED.

R. CRIM. P. 11(c) ("An attorney for the government and the defendant's attorney, or the defendant

when proceeding pro se, may discuss and reach a plea agreement.  The court must not participate

in these discussions."); *United States v. Ushery*, 785 F.3d 210, 219 (6th Cir. 2015) (by allowing

the parties to negotiate the final terms of a plea agreement in its presence, the district court at the

very least did not follow best practices, and may in fact have violated Rule 11(c)(1))).

> Having reviewed the Report and Recommendation and the Objection, the Court determines

that the Magistrate Judge's recommendation to reject Paragraph 13 of the Plea Agreement is

properly rejected.  "It is well settled that a defendant may waive any right, even a constitutional

right, by means of a plea agreement." *United States v. Sawyer*, 825 F.3d 287, 291 (6th Cir. 2016)

(citation omitted).  The Court finds the Hyde waiver permissible and an accepted practice within

this district.  Accordingly:

**IT IS HEREBY ORDERED** that:

1.      The Objection (ECF No. 23) is GRANTED, and the Report and Recommendation

of the Magistrate Judge (ECF No. 19) is APPROVED IN PART and REJECTED IN PART;

specifically, the Court rejects the Magistrate Judge's recommendation to reject Paragraph 13 of

the Plea Agreement but otherwise approves and adopts the remainder of the Report and

Recommendation as the Opinion of the Court.

2.      Defendant's plea of guilty is accepted, and Defendant is adjudicated guilty of the

charge set forth in Count One of the single count Felony Information.

3.      The written plea agreement is hereby continued under advisement pending

sentencing.


Dated:  July 18, 2022                                          /s/ Jane M. Beckering
                                                               JANE M. BECKERING
                                                               United States District Judge

3